FRITZ E. PARRIS, Appellant, v. ROBERT W. ADAMSON and OLGA M. ADAMSON, Respondents.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ.

CHARLOTTE T. SCHAAF, as Administratrix, etc., of ADAM SCHAAF, Deceased, Respondent, v. FIRESTONE TIRE AND RUBBER COMPANY and HENRY TOPPING, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

RUSSELL B. SMITH, Respondent, v. RAYMOND C. PENFIELD and Another, Appellants, Impleaded with MARITIME ENGINEERING CORPORATION, Defendant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

LOUIS H. SOULE, Appellant, v. BON AMI COMPANY, Respondent.— Judgment and order reversed and new trial granted, with costs to abide the event, on the ground that the trial court erred in submitting to the jury the question as to the construction of the contract. The learned court refused to allow plaintiff to show the cost of manufacture with the view of showing net profits, and it was error to charge the jury that if they found that the contract meant net profits the defendant was entitled to a verdict. It was also error to admit in evidence over exception at folio 362 the various writings, reports, etc., as there was no evidence that plaintiff had examined them or knew their contents." Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concur.

MORRIS TESSLER, Respondent, v. NEW YORK STATE RAILWAYS, Appellant.— Order denying motion to change venue to Oneida county reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, both to abide the event, but on condition that defendant stipulate that testimony of plaintiff's physicians may be taken by deposition and read at the trial. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

MARY LOUISE THIERINGER, Plaintiff, v. WILLIAM F. FUERST, Defendant. — In view of the facts that the testator was an aged man, who could not read the English language, that the specific devise to his daughter was by words " house lot," by which designation the whole of the premises in question had been known in the family for many years, and that error might easily creep into a specification of the dimensions, dictated to a draftsman by a testator who could not read English, we are of opinion that it was the intent of the testator to devise to his daughter the whole lot known as the " house lot." Jenks, P. J., Rich, Blackmar and Jaycox, JJ., concur; Putnam, J., concurs in the result, being in doubt if the specific devise covered the entire lot, but if not so, that plaintiff takes the remaining portion under the sixth (residuary) clause of the will. Judgment for plaintiff, without costs, in accordance with the terms of the submission.